UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 15-cr-10349-LTS |
| ) | |
| LUIS ALBERTO ARIAS, ) | |
| ) | |
| Defendant. ) | |

ORDER ON PETITION UNDER 28 U.S.C. § 2255 (DOC. NO. 236)

May 10, 2018

SOROKIN, J.

Luis Alberto Arias pled guilty to conspiracy to possess with intent to distribute heroin and cocaine, possession with intent to distribute heroin, and possession of a firearm in furtherance of a drug trafficking crime on March 1, 2017 pursuant to a B plea agreement. See generally Doc. Nos. 199, 240. By pleading, Arias waived his right to appeal or to otherwise challenge his plea, and also waived his right to appeal or otherwise challenge "any sentence of imprisonment of 168 months or less," except that his right to raise counsel-ineffectiveness claims was preserved. Doc. No. 199 at 5. When Arias entered his plea, this Court explained the major terms of his plea agreement, including the appeal waiver provision. Doc. No. 240 at 11-12. Arias agreed that he had signed the plea agreement, had discussed its terms with his lawyer, understood the terms, and specifically understood that he had waived most of his appeal rights. Id. at 8, 13, 18-19.

On September 7, 2017, this Court sentenced Arias to a total of eighty-seven months' incarceration—twenty-seven months on the drug charges, followed by the mandatory sixty months on the gun charge. Doc. No. 227; Doc. No. 242 at 19-20. When he addressed the Court

during his sentencing hearing, Arias expressed no confusion or dissatisfaction with the terms of his plea agreement, nor with his counsel's representation. Doc. No. 242 at 15-16; see also Doc. No. 240 at 8 (reflecting Arias's assurance that he was satisfied with his attorney's representation at the time of the guilty plea). After imposing the sentence, this Court explained to Arias that any appeal of his plea or sentence would have to be filed within fourteen days, but reminded Arias that he had "waived certain rights of appeal." Doc. No. 242 at 22.

No direct appeal was filed by Arias or on his behalf. Nearly seven months after his sentencing, Arias submitted a pro se petition pursuant to 28 U.S.C. § 2255 in which he asserted challenges to his sentence and to his lawyer's effectiveness. Doc. No. 236. Specifically, Arias claimed his sentence violated his constitutional rights due to: 1) "counsel's failure to file an appeal as directed," 2) counsel's failure to address "disparity issues" and ensure Arias "receive[d] a sentence comparable to other defendants," and 3) "counsel's failure to either file a Sentencing Memorandum or place on the record a downward variance in light of Dean v. United States[, 137 S. Ct. 1170] (2017)." Doc. No. 236 at 1-2 (emphasis in original). The Court ordered the government to respond to the first two claims and deemed Arias's submission a waiver of the attorney-client privilege as to the first claim. See Doc. No. 237 (requiring a response to "Ground One" in the pro se petition, which includes the first two claims).

The government responded as required, Doc. No. 245, supporting its memorandum with a copy of an email in which Arias's defense counsel stated he was "not aware of any direction or request from [Arias] to file a notice of appeal or seek appellate review of the sentence," Doc. No. 245-1; see Doc. No. 245-2 (declining to provide an affidavit but stating counsel would "restate what [he] conveyed" in his email "[i]f asked by the court").

Post-conviction relief pursuant to § 2255 is an extraordinary remedy, available only to a defendant who makes "a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Federal habeas relief is available to Arias only if his sentence was imposed in violation of the Constitution or laws of the United States, was imposed by a court which lacked jurisdiction over the criminal charge, exceeded the maximum penalty authorized by law, or otherwise is subject to collateral attack. See David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (describing limited nature of § 2255 relief). Arias bears the burden of establishing that he is entitled to relief. Id.

To make out a claim of counsel ineffectiveness warranting relief under § 2255, a defendant "must show both deficient performance by counsel and resulting prejudice." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010); accord Strickland v. Washington, 466 U.S. 668, 687 (1984); see Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (applying Strickland standard to claim that counsel failed to file an appeal). Deficient performance is shown where "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Glover v. United States, 531 U.S. 198, 200 (2001) (explaining prejudice would arise "if an increased prison term" resulted from deficient performance at sentencing).

None of the three claims identified in Arias's petition warrant relief. Arias's counsel has represented that Arias did not instruct him to file an appeal, and Arias has provided no details regarding this issue sufficient to support a finding by this Court that such a request was made. Doc. No. 236 at 1 (alleging summarily counsel's failure to file an appeal "as directed," but offering no additional facts and attaching no declaration or affidavit by Arias presenting such

3

facts); see Rule 2(b), 28 U.S.C. foll. § 2255 (requiring application for relief under § 2255 to "state the facts supporting each ground"). The absence of such facts, and the lack of a direct appeal, make sense here. Arias received a total sentence below 168 months.[1] Through his guilty plea agreement, Arias waived his right to appeal such a sentence, with only a limited exception for counsel-ineffectiveness claims (which generally are not properly raised via direct appeal). Doc. No. 199 at 5; see United States v. De-La-Cruz Castro, 299 F.3d 5, 15 (1st Cir. 2002). The Court found at the time of the guilty plea, and affirms now, that Arias's waiver of his right to appeal was knowing and voluntary. Doc. No. 240 at 27; see United States v. Gates, 709 F.3d 58, 69-70 (1st Cir. 2013) ("A defendant is normally bound by the representations that he himself makes in open court at the time of his plea."). The record presents no reason to believe that enforcement of the waiver would work a miscarriage of justice. See United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001). In these circumstances, Arias has not demonstrated his counsel performed deficiently under Strickland by failing to pursue a direct appeal. Cf. Roe, 528 U.S. at 479 (explaining it would not be "professionally unreasonable as a constitutional matter" for counsel not to discuss appeal decision with client and not to appeal where knowing and voluntary guilty plea is entered, expected sentence is imposed, and no non-frivolous grounds for appeal exist).

Arias's remaining two challenges rest on assertions that are flatly contradicted by the record. The transcript of his sentencing demonstrates that his counsel did raise "disparity issues" when arguing on Arias's behalf—pointing specifically to the sentences his codefendants received and urging consideration of the defendants' relative culpability. Doc. No. 242 at 14. Moreover,

---

[1] His total sentence is less than the one requested by the government. Doc. No. 242 at 17. It falls at the bottom end of the applicable guidelines range—a range which Arias does not challenge here. Id. at 8-9.

4

his counsel did file a Sentencing Memorandum on Arias's behalf (along with supporting exhibits), in which he cited Dean in urging the Court to "consider the aggregate effect of a successive mandatory sentence." Doc. No. 221 at 14-15; see Doc. No. 242 at 14 (echoing the same position and again referencing Dean at Arias's sentencing hearing). This Court explicitly acknowledged "the need to avoid unwarranted disparities" among the co-defendants' sentences, and "consider[ed] the aggregate sentence." Doc. No. 242 at 19. Plainly, counsel cannot be ineffective for failing to do things the record demonstrates he did, in fact, do.

Accordingly, Arias's motion to vacate his conviction under § 2255 (Doc. No. 236) is DENIED.[2]

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] Because he has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.